UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:20-CV-00814-DJH-LLK

JEFF WELLEMEYER                                                                             PLAINTIFF

v.

TRANS UNION, LLC, *et al.*                                              DEFENDANTS

**OPINION & ORDER**

Judge David J. Hale referred this matter to U.S. Magistrate Judge Lanny King for resolution of all litigation planning issues, entry of scheduling orders, consideration of amendments thereto, and resolution of all non-dispositive matters, including discovery issues. [DN 4].

This matter is currently before the Court on Plaintiff's Motion to Compel. [DN 48]. Plaintiff filed their Motion to Compel on August 6, 2021. *Id.* On August 13, 2021, Defendant responded. [DN 51]. Having received the Plaintiff's and Defendant's briefing on these issues, the motion is now fully briefed and ripe for adjudication. For the reasons set forth herein, Plaintiff's Motion to Compel, [DN 48], is **GRANTED IN PART AND DENIED IN PART.**

**Discussion**

A party may obtain discovery of any non-privileged matter that is relevant to any issue in the case. Fed. R. Civ. P. 26(b)(1). Specifically, "[a] party may serve on any other party a request within the scope of Rule 26(b): [] to produce and permit the requesting party or its representative to inspect, copy, test, or sample . . . any designated documents or electronically stored information. Fed. R. Civ. P. 34(a)(1)(A). It is the party "resisting discovery [that] bears the burden to establish that the material either does not come within the scope of relevance or is of such marginal relevance that the potential harm resulting from production outweighs the presumption in favor of broad disclosure." *Invesco Int'l (N.A.), Inc. v. Paas*, 244 F.R.D. 374, 380 (W.D. Ky. 2007). To

1

resist discovery that appears relevant, the respondent "bears a heavy burden of demonstrating that disclosure will work a clearly defined and very serious injury." *Id.* (citing *Empire of Carolina, Inc. v. Mackle,* 108 F.R.D. 323, 326 (S.D.Fla.1985).

Here, Plaintiff seeks a Court order compelling the Defendant to produce documents in response to their Requests 4, 5, 6, 18, 21, 22, 23, and 24 and for Defendant to produce the redacted documents they have received in an unredacted form. [DN 48]. Defendant objects to each request. Specifically, Defendant argues that: (1) document request 5 is "so broad that the documents being sought cannot be determined with particularity" and "so vague and ambiguous it would require ICS to unilaterally determine what Plaintiff's request means", [DN 51 at 5]; (2) document request 6 is relevant only for "punitive damages [which] are not available to Plaintiff[,]" *Id.* at 6-7; (3) document requests 4, 18, 21, 22, 23, and 24 have either been produced or documentation doesn't exist, *Id.* at 4-5; (4) "that Plaintiff has Unclean Hands" and "[a]s such, Plaintiff's motion should be denied in light of this obstructive behavior[,] *Id.* at 2-4; and (5) that Plaintiff is not entitled to un-redacted copies because "[t]he redacted portions . . . are not relevant to this litigation and are redacted to protect trade secrets of ICS'. *Id.* at 8-9. Each dispute will be handled in turn.

## Document Request Number 5

Plaintiff requests Defendant "[p]lease produce all of your documents, subscriber contracts, manuals or other recorded data, concerning your relationships with any of the Defendants referenced in Plaintiffs Complaint." [DN 48-1 at 4-5]. Defendant provided a laundry list of boilerplate objections that could be substituted with nearly any of their other objections. *Id.* In briefing they restrict their argument to scope. [DN 51 at 5-6]. Typically, breadth is an insufficient reason to reject a document request. *Invesco*, 244 F.4.D. 374 (W.D. Ky 2007); *See also Janko Enterprises, Inc. v. Long John Silver's, Inc.,* 2013 WL 5308802, at *7 (W.D. Ky. Aug. 19, 2013)

(citing *McLeod v. Alexander, Powell & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir.1990)) ("objections that document requests were overly broad, burdensome, oppressive and irrelevant were insufficient to meet objecting party's burden of explaining why discovery requests were objectionable"). While, the boilerplate objections provided in the responses were certainly inadequate,[1] Defendant's elaborated with specific details as to why the scope of this request makes it untenable. For this Defendant to provide "all of [their] documents . . . concerning [their] relationships with any of the Defendants" would require the defendant provide every document associated with millions of accounts. Particularly where Plaintiff's argument merely states that "[i]t is helpful for Plaintiff to know what Defendant's duties and obligations are with reference to investigating consumer disputes transmitted to it which contracts or [sic] agreements with former Defendant Charter and the remaining Defendants as well as its own manuals that contain such information." [DN 48 at 5]. Here, while the request may be marginally relevant, Plaintiff's need for the document fails to compare to the harm that would be caused to Defendant if they were ordered to comply. Thus, Defendant need not produce documents in response to request number five.

### Document Request Number 6

Plaintiff requests Defendant "[p]lease produce copies of all of your quarterly profit and loss statements for the past three (3) years. [DN 48-1 at 5]. Defendant argues that "[g]iven the

---

[1] Rule 34(b)(2)(B) is amended to require that objections to Rule 34 requests be stated with specificity. This provision adopts the language of Rule 33(b)(4), eliminating any doubt that less specific objections might be suitable under Rule 34. The specificity of the objection ties to the new provision in Rule 34(b)(2)(C) directing that an objection must state whether any responsive materials are being withheld on the basis of that objection. An objection may state that a request is overbroad, but if the objection recognizes that some part of the request is appropriate the objection should state the scope that is not overbroad. *Rule 34. Interrogatories to Parties, 1 Federal Rules of Civil Procedure, Rules and Commentary Rule*

discovery to date there is no possible finding of the willfulness which is required for Plaintiff to seek punitive damages." [DN 51].

First, discovery is not complete and fact discovery is not closed. Second, Defendant provides three pieces of authority for this statement, none of which apply. The language 15 U.S.C.A. § 1681n does not outline the burden of the consumer, but instead describes the opposite: "Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of . . . such amount of punitive damages as the court may allow[.]" Similarly, *Smith v. LexisNexis Screening Sols., Inc.*, 837 F.3d 604 (6th Cir. 2016) contains no authority for the proposition. Finally, punitive damages are not unconstitutional under the eight amendment. *Browning-Ferris Indus. of Vermont, Inc. v. Kelco Disposal, Inc*., 492 U.S. 257, 264 (1989) (the Eighth Amendment "does not constrain an award of money damages in a civil suit when the government neither has prosecuted the action nor has any right to receive a share of the damages awarded. To hold otherwise, we believe, would be to ignore the purposes and concerns of the Amendment, as illuminated by its history.").

Defendant also argues that the request is overbroad. Firstly, Defendant's attorney drafted an affidavit to prove, in part, that Plaintiff's lawyer told him he sued Defendant often. [DN 51-4]. For that reason, Defendant argues that "[t]his request seems to be a fishing expedition[.]" [DN 51 at 7]. It is not clear to this Court why that would be the case. And courts have long rejected blanket accusations of fishing expeditions. *See Hickman v. Taylor*, 329 U.S. 495, 507 (1947) ("the deposition-discovery rules are to be accorded a broad and liberal treatment. No longer can the time-honored cry of 'fishing expedition' serve to preclude a party from inquiring into the facts underlying his opponent's case.")

4

Secondly, in evaluating whether or not the claim is overbroad, both Defendant and Plaintiff cite the same authority for the scope of financial condition discovery that outlines (1) evidence of Defendant's worth is admissible to evaluate punitive damages and (2) it collects cases to show that courts have found only current or recent records, requiring one or two years of reports and statements. *Corizon Health, Inc. v. CorrecTek, Inc*., 2017 WL 7693390 (W.D. Ky. Dec. 12, 2017). To be sure, the request is slightly overbroad and ought to be limited. Defendant also argues this information is duplicative, [DN 51 at 8], but nothing in Plaintiff or Defendant's brief provides any evidence that Defendant has provided this information.

Finally, while Defendant forwards a confidentiality argument, it is not colorable. They assert no privilege, no trade secrets, and no reason that their financials should be confidential despite claiming that Plaintiff made an "egregious and intentional violation" of his extra-judicial agreement to respect Defendant's unilateral designation of confidentiality. *Id.* at 7-8.[2] Defendant, failing to cite the record, can only be referring to Plaintiff's initial motion, [DN 47], which was filed on August 5, 2021. The following day, Plaintiff filed a motion to amend and correct the motion to compel, removing the 'confidential' material. [DN 48]. Neither this Court, nor the public are aware of what confidential information was included, and Plaintiff corrected the alleged error without need for a conference, or motion practice. Even if Plaintiff had violated the contract, the remedy is not for Defendant to withhold evidence in discovery.

### Document Requests Number 4, 18, 21, 22, 23, and 24

Defendant provided boilerplate objections in response to each of the six requests: that the request is vague and ambiguous, that it calls for confidential and trade secret information, that it has been asked and answered, that it is overbroad, and that it is too early to have had a "full and

---

[2] Defendant does recite the term "trade secret" twice in their briefing, [DN 51 at 8], though they provide no explanation and no evidence. Defendant does not meet their burden.

fair opportunity to investigate." [DN 48-1 at 4-5, 9-12]. In briefing, Plaintiff articulates the specific need and relevance of each request. [DN 48 at 3-8]. Defendant, grouping all six discovery requests, argues that the documents have been produced, and concludes: "Thus, ICS has stated no additional documents would be produced for each of these requests, *because it is believed that there are no further documents to be produced.*" [DN 51 at 5 (emphasis original)].

As explained above, boilerplate objections are insufficient to meet Defendant's burden. See *Janko*, 2013 WL 5308802, at *7 (W.D. Ky. Aug. 19, 2013). Therefore, Defendant must produce documents in response to the requests, and, if none exist, stating their 'belief' that this is the case is insufficient, rather Defendant must provide Plaintiff a negative answer which "set[s] forth in detail the efforts made to obtain the information." *Lindholm v. BMW of N. Am., LLC*, 2016 WL 452315, at 5 (D.S.D. Feb. 5, 2016) (quoting *Essex Builders Grp., Inc. v. Amerisure Ins.,* 230 F.R.D. 682, 685 (M.D. Fla. 2005)).

## Unclean Hands & Redactions

Defendant argues that "it is indisputable that Plaintiff has Unclean Hands relative to his failure to comply with his Federal Rule of Civil Procedure 26 disclosure obligations" concluding that "[a]s such, Plaintiff's motion should be denied in light of this obstructive behavior." [DN 51 at 4]. Even assuming Plaintiff is delinquent, the remedy proposed is no solution. The proper remedy to discovery misconduct is not to engage in discovery misconduct, but to file a motion. Fed. R. Civ. P. 37.

Defendant must produce un-redacted documents. Defendant justifies their redaction and withholding because "Plaintiff's counsel filed documents which had been marked confidential on the public record." For the same reasons that this was not a reason to withhold documents in

response to request number six, it does not justify redaction here.  Plaintiff will not be required to assume the redacted information is as they say, particularly in light of the contradictions thus far.

## Conclusion

The Court, having reviewed the parties' briefing on this matter, arguments from counsel, the record, and being otherwise sufficiently advised, **IT IS HEREBY ORDERED:**

1. Defendant shall supplement his responses to Request Nos. 4, 18, 21, 22, 23, and 24. If Defendant cannot locate any documents relevant to the requested subject matter, Defendant must set forth in detail the efforts made to obtain the information along with a definitive answer that they were unable to locate that information.

2. Defendant shall reproduce documents bates numbered ICS000001-ICS0000017 without redaction.

**IT IS SO ORDERED.**

October 18, 2021

Lanny King, Magistrate Judge
United States District Court

c:     Counsel of Record