UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:20-CV-00814-DJH-LLK

JEFF WELLEMEYER                                                                           PLAINTIFF

v.

TRANS UNION, LLC, *et al.*                                            DEFENDANTS

**OPINION & ORDER**

Judge David J. Hale referred this matter to U.S. Magistrate Judge Lanny King for resolution of all litigation planning issues, a scheduling conference, entry of scheduling orders, consideration of amendments thereto, and resolution of all non-dispositive matters, including discovery issues. [DN 4].

This matter is currently before the Court on Defendant's Motion to Compel. [DN 69]. Plaintiff responded. [DN 77]. Having received the Plaintiff's and Defendant's briefings on the issues, the motion is now fully briefed and ripe for adjudication. For the reason set forth herein, the Defendant's Motion to Compel is **DENIED in part, GRANTED in part.**

**Discussion**

Parties may obtain discovery of any non-privileged matter that is deemed relevant to a particular claim and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Specifically, "[a] party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample… any designated documents or electronically stored information." Fed. R. Civ. P.

1

34(a)(1)(A). Relevance means "any matter that may bear upon, or reasonably could lead to other matters that could bear upon any issue that is or likely may be raised in the case." *Corizon Health, Inc. v. Correcteck*, 2017 WL 7693390 (W.D. Ky. 2017) (quoting *Ross v. Jack Rabbit Servs.,* LLC, 2015 WL 13547855 (W.D. Ky. Oct. 21, 2015)).

The party resisting production "has the burden to establish that the material either does not come within the scope of relevance or is of such marginal relevance that the potential harm resulting from production outweighs the presumption in favor of broad disclosure." *Invesco Int'l (N.A.), Inc. v. Paas*, 244 F.R.D. 374, 380 (W.D. Ky. 2007); *Polylok, Inc. v. Bear Onsite, LLC*, 312CV00535DJHCHL, 2017 WL 1102698, at *3 (W.D. Ky. Mar 23, 2017)("The burden … rests with the party objecting to the motion to compel to show in what respects the discovery requests are improper."). Further, "a request for discovery should be considered to be seeking relevant information if there is any possibility that the information sought may be relevant to the claim or defense of any party in the action." *Id*. Basically, this means that the default presumption is that the requesting party is acting in good faith and that the requested information is relevant until proven otherwise irrelevant or injurious.

If the nonmoving party resists a discovery request, he may object. Objections, however, must be specific to the request, that is, they must not be "boilerplate" objections. *Janko Enterprises, Inc. v. Long John Silver's, Inc.*, No. 3:12-CV-345-S, 2013 WL 5308802 (W.D. Ky. Aug. 19, 2013). This means that "[t]he mere statement by a party that an interrogatory or request for production is overly broad, burdensome, oppressive and irrelevant is not adequate to voice a successful objection." *Kafele v. Javitch, Block, Eisen & Rathbone*, No. CIV.A. 2:03-CV-638, 2005 WL 5095186, at *2 (S.D. Ohio Apr. 20, 2005).

Finally, it is important to note the degree to which a nonmoving party must inquire as to the information being sought. Nonmovants must conduct a "reasonable inquiry" in order to locate requested documents and information. *Merriweather v. United Parcel Service Inc.*, WL 3572527 at *3, *8 (W.D. Ky. 2018) ("the party objecting to interrogatories bears the burden of showing that the information sought is not *reasonably available* to it … in responding to [Rule 34] discovery requests, a reasonable inquiry must be made…" (Internal citations omitted); *Petro v. Jones*, 2014 WL 970113 at *3 (E.D. Ky. 2014) (quoting Fed. R. Civ. P. 36 "An 'answering party may assert lack of knowledge or information as a reason for failing to admit or deny' but 'only if the party states that it has made *reasonable inquiry* and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.'")). A reasonable inquiry is "limited to persons and documents within the responding party's control (e.g., its employees, partners, corporate affiliates, etc.)" *Petro*, 2014 WL 970113 at *3. This responsibility, however, "may require venturing beyond the parties to the litigation and include, under certain limited circumstances, non-parties…" *Id.* (internal citations omitted). That said, the reasonable inquiry requirement does not extend to strangers, nor does it extend to non-existent materials. *Id.*; *Commins v. NES Rentals Holdings, Inc.*, 2018 WL 3186983 at *10 (W.D. Ky. 2018).

Here, the Defendant seeks a Court order compelling Plaintiff to supplement his responses to ICS' first sets of Requests for Production ("RFPs") and Interrogatories ("ROGs"), in accordance with the "numerous deficiencies set forth in ICS' November 30, 2021 email to Plaintiff, not otherwise cured in the supplemental responses served by Plaintiff on December 24, 2021." [DN 69]. Specifically, ROGs 4, 5, 6, 13, 14 and 15 and RFPs 3, 5, 6, and 10. [DN 69]. The Plaintiff objects to each request for varying reasons. Each dispute will be handled in turn.

## ROG 4

ROG 4 asks for identification of any communications between ICS and Plaintiff. [DN 69 Exhibit C]. In response, Plaintiff asserted that there were no *direct* communications between ICS and Plaintiff. *Id.* As ICS asserts, this response ignores the call of the question, that is, whether or not *any* communication occurred between the Plaintiff and ICS. Plaintiff did, however, supplement its response, adding that it was *not aware* of any direct *or indirect* communication between the Plaintiff and the Defendant. This response is sufficient to avoid compelling disclosure, because as far as the Court can see, there is nothing more to disclose. As stated above, the party resisting disclosure bears the burden of showing that disclosure will work a clearly defined and very serious injury against it. *Invesco Int'l (N.A.), Inc. v. Paas*, 244 F.R.D. 374, 380 (W.D. Ky. 2007). Rule 26(g) requires a party to make "reasonable inquiry" with respect to a disclosure, that it is complete and correct as of the time it is made. Fed. R. Civ. P. 26(g)(1)(A). This merely requires that the attorney make a "reasonable inquiry into the factual basis of his response, request, or objection." Fed. R. Civ. P. 26 Advisory Committee Notes. It does not "demand an exhaustive investigation," rather, "one that is reasonable under the circumstances, focusing on the facts that are alleged with particularity in the pleadings." *Id.* Because the Plaintiff's attorney has not been accused of acting in bad faith, his signature impliedly proves that a reasonable inquiry has taken place, and that no communications have been found. He is therefore not required to prove a negative. As such, this disclosure is deemed sufficient, and no further inquiry is necessary.

## ROG 5, 6 and 13

ROGs 5, 6, and 13 asked for the identification of all facts and documents that supported the allegations of paragraph 35, 38 and 39 in the first amended complaint. [DN 69 Exhibit C].

Here, ICS expressed concern with the "nonresponsive" nature of the answers provided. [DN 69 Exhibit A]. Specifically, the Defendant argues that Plaintiff's responses are "self-serving unsupportable allegation[s] that ICS has somehow frustrated the discovery process." *Id.* Defendant further asserts that "whether [ICS has somehow frustrated the discovery process] or not, is of no consequence relative to this interrogatory which asks for identification of those facts in those documents that this Plaintiff is currently aware of that support the allegations [of the relevant paragraphs]," because "[ICS is] entitled to a response stating [whether or not [the plaintiff] has no facts or documents that support the allegations [in the relevant paragraphs], but believes further discovery will uncover those facts and/or documents[.]" *Id.*

In its amended interrogatory response, Plaintiff states that he "believes that he will be able to prove that the Defendant, upon receiving notice of Plaintiff's dispute from Defendants TU and Experian conducted no reasonable investigation whatsoever." [DN 69 Exhibit C]. Plaintiff further states that "Defendant IC did not provide unredacted account notes detailing its activity with respect to the account in question in response to Plaintiff's Request for Production until November 16, 2021 and only as a result of a Court Order issued by way of a Motion to Compel." *Id.* As a result, plaintiff argues that its response was fully appropriate at the time, but that Defendant ICS has "produced no documents reflecting that it conducted any investigation of Plaintiff's dispute made on 9-18-201 (sic); let alone a reasonable one required by law." *Id.*

What the Plaintiff's unsupported accusations that the Defendant has frustrated the discovery process has to do with the question posed in the interrogatories is entirely unclear. As previously stated, the burden for nondisclosure of pertinent facts is upon the party objecting to the discovery request. *Invesco Int'l (N.A.), Inc. v. Paas*, 244 F.R.D. 374, 380 (W.D. Ky. 2007). The non-disclosing party must demonstrate that disclosing such facts would result in a

5

substantial injury to the party, and that discovery requests are, by default, to be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party in the action. *Id.*; *Corizon Health, Inc. v. Correcteck*, 2017 WL 7693390 (W.D. Ky. 2017). Further, the non-disclosing party may not succeed in satisfying this burden by mere contention that the production request is overbroad, burdensome, oppressive, or irrelevant. *Kafele v. Javitch, Block, Eisen & Rathbone*, No. CIV.A. 2:03-CV-638, 2005 WL 5095186, at *2 (S.D. Ohio Apr. 20, 2005).

Here, the Plaintiff's response is wholly inadequate. Not only is it non-responsive, but it fails to explain precisely why the information sought by ICS is not discoverable. *See* Fed. R. Civ. P. 34(2)(B) Advisory Committee Notes (Rule amended to require that objections to Rule 34 requests be stated with specificity. This amendment requires an objection to state whether any responsive materials are being withheld on the basis of that objection.). Further, the Plaintiff's response provides tangential, and arguably irrelevant anecdotes about entirely separate issues of fact, unrelated to any question posed by the interrogatory. For this reason, the Court finds the Plaintiff's response wanting, and therefore grants the Motion to Compel with regard to the specific question posed by the Defendant. Namely, whether the Plaintiff has any facts or documents supporting its allegations contained in paragraphs 35, 38, and 39 of its amended complaint.

### ROG 14

This request asked for identification of every person or entity with which the Plaintiff has applied for credit, received credit from, or who have reviewed the Plaintiff's credit history, reporting or rating in the last seven years, as well as the type of credit and date associated with any request from each person or entity, the amount sought, the disposition or outcome of the

credit transaction, reasons provided therefore, and identity of all persons with knowledge of the foregoing with details of each party's knowledge. [DN 68 Exhibit C]. The Plaintiff's response is largely incomprehensible. Rather than answering the question with any specificity, as required by law, the Plaintiff appears to have copied and pasted and series of transactions, dates, and addresses that may or may not provide the Defendant with any answers.

As stated above, a party's responses must be provided with some semblance of specificity. Fed. R. Civ. P. 34(2)(B) Advisory Committee Notes (Rule amended to require that objections to Rule 34 requests be stated with specificity. This amendment requires an objection to state whether any responsive materials are being withheld on the basis of that objection.). Instead, the Plaintiff has elected to provide information ostensibly answering the Defendant's request, but with no context whatsoever. [DN 69 Ex. C at 12]. This sort of barebones answer, while perhaps technically accurate, does nothing to expedite the discovery process. For this reason, grants the Motion to Compel with regard to the specific question posed by the Defendant.

## **ROG 15**

Defendant here requested all facts or documents in support of damages, either quantitative of otherwise, claimed in this matter. Plaintiff's response provided no such information. Rather, Plaintiff's response broadly outlined why he believes the conduct at issue resulted in the damages claimed. Plaintiff's response is inadequate as it does not provide any specificity whatsoever, nor does it provide empirical evidence tyin the Defendant's alleged wrongdoing to the Plaintiff's alleged injury. *See* Fed. R. Civ. P. 34(2)(B) Advisory Committee Notes (Rule amended to require that objections to Rule 34 requests be stated with specificity. This amendment requires an objection to state whether any responsive materials are being

withheld on the basis of that objection.). For this reason, the Court grants the Motion to Compel with regard to the specific question posed by the Defendant.

## RFP 3, 5 & 10

Defendant requests "a copy of any and all documents relating to or supporting [Plaintiff's] alleged damages." [DN 69-1 Ex. B at 5] and for Defendant to "produce a copy of any and all documents relating to or supporting your damages, financial or otherwise, alleged in this matter. [DN 69-1 Ex. B at 8.] Defendant also requests that Plaintiff produce "a copy of any and all documents relating to or supporting [Plaintiff's] American Express credit lines, limits and/or restrictions as related to [Plaintiff's] allegations in this case, and specifically related to Paragraph 19 of [Plaintiff's] First Amended Complaint." [DN 69-1 Ex. B at 6]. Plaintiff's response to all three requests states that "Plaintiff no longer possesses or has access to or is he in possession of the documents that have been described in this request." The Plaintiff further states that he has "no idea who or what [the Defendant] may subpoena[,]" and that, pursuant to Rule 34 the Plaintiff's "only duty in response to this or any document request is to produce documents that are currently in our possession and no such documents are currently in our possession." *Id.* As a result, the Plaintiff argues that "there is no duty on Plaintiff's part to subpoena or to assist [the Defendant] in subpoenaing [the requested documents] in order to comply with this or any request any request [sic]." *Id.*

In response to the Plaintiff's claim that it is under no duty to produce documents not in its possession the Plaintiff is largely correct. *Nosal v. Granite Park LLC*, F.R.D. 284, 290 (S.D.N.Y. 2010)(citing *Scherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 138 (2d Cir. 2007) (holding that it is settled law that "a party [upon whom a discovery demand is served]… need not seek such documents from third parties if compulsory process [i.e. subpoena] against the third parties

8

is available to the party seeking the documents."). However, the Plaintiff does have a duty to disclose information that is fundamental to the gravamen of its claim against the Defendant, namely information pertaining to, and in support of his damages claim. *Flame S.A. v. Indus. Carriers, Inc.*, 39 F. Supp. 3d 752, 758 (E.D. Va. 2014) (holding that a Defendant-nonmovant's discovery certification claiming that it did not possess requested documents did not comply with Federal Rule of Civil Procedure that required them to verify that such documents did not exist if that was the case.); Fed. R. Civ. P. 26(g)(1)(A). Accordingly, while the Plaintiff may not be in physical control of the requested documents, and thus unable to produce them, he is under a duty to disclose whether or not the requested documents exist, and from where they may be obtained. *See also Petro*, 2014 WL 970113 at *3 (holding that a reasonable inquiry is "limited to personso and oducments within the responding party's control[,]" but that said inquiry "may require venturing beyond the parties to the litigation and include, under certain limited circumstances, non-parties[.]"). For this reason, the Plaintiff must disclose precisely what it knows exists and is relevant, and where that information may be found. The Plaintiff may not "merely suggest" how the Defendant might go about finding the information it seeks. [DN 69-1 Ex. B at 5].

### RFP 6

Here, Defendant requests that Plaintiff "produce a copy of any and all documents relating to or supporting your allegations of willfulness in this matter, and specifically related to Paragraphs 35, 39, 61 and 63 of your First Amended Complaint." Plaintiff responds by directing Defendant to see attached documents numbered 0130-0147.

The Court is unable to see this document. Neither party has attached this document as an exhibit, nor has it been made available by other means. To the extent that the response and attached documentation adequately answers the request with specificity and assuming the

Plaintiff has sufficiently inquired as to the availability of the relevant information, pursuant to the standards outlined above, the answer is sufficient. However, the Court because is without access to the relevant attached documents, and therefore unable to analyze them in greater detail, the Court finds that the movant has not met its burden for this particular RFP. For this reason, the Court must deny this request without prejudice, to be reconsidered later if necessary.

## Conclusion

For the foregoing reasons, **IT IS HEREBY ORDERED:**

Defendant's Motion to Compel in ROG 4 is **DENIED;**

Defendant's Motion to Compel in ROGs 5, 6, 13, 14, 15, and RFPs 3, 5, 6, 10 are **GRANTED.**

**IT IS SO ORDERED.**

May 23, 2022

Lanny King, Magistrate Judge
United States District Court

c:   Counsel of Record